UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| JEFFREY JOHNSON and JOHN GOODWIN, ) | |
| ) | |
| Plaintiffs ) | |
| v. ) | No. 1:00-CV-310 |
| ) | Chief Judge Curtis L. Collier |
| UNITED PARCEL SERVICE, INC. ) | |
| ) | |
| Defendant ) | |

## **M E M O R A N D U M**

Defendant United Parcel Service, Inc. ("Defendant") has filed two motions in limine in this case (Court File Nos. 279, 285). Plaintiffs Jeffrey Johnson and John Goodwin (collectively "Plaintiffs") filed a response to the second motion only (Court File No. 291), stating they have no objection to that motion. Plaintiffs in their response also requested certain issues not be brought up at trial by Defendant, and the Court will treat this as a motion in limine as well.

### I. Evidence of Gary Todd's Demotion

Defendant's first motion requests the Court to instruct Plaintiffs not to bring up, directly or indirectly, any testimony or evidence regarding the demotion of Defendant's employee Gary Todd (Court File No. 279). Defendant asserts this demotion occurred subsequent to the 2002 trial in this case, therefore it cannot be used to prove Defendant is liable to Plaintiffs on their claims that arose prior to that 2002 trial. Defendant argues this evidence is irrelevant in that it would not "make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence," Fed. R. Evid. 401, and should be excluded pursuant to Fed. R. Evid. 402.

Defendant cites *EEOC v. Rath Packing Co.* in support of its contention this post-trial

evidence is inadmissible. 787 F.2d 318 (8th Cir. 1986). In that refusal-to-hire gender discrimination case, the defendant made a motion pursuant to Fed. R. Civ. P. 60(b) for relief from the final judgment due to newly discovered evidence, a report it submitted concerning its hiring practice from July 1984 to October 1984. Id. at 330. This period was four years after the liability trial in July 1980 and two years after a special master held proceedings on damages in 1982. *Id.* at 322-23. The district court denied the Rule 60 motion, finding the evidence the defendant tendered as "newly discovered evidence" was actually "formulated after the trial." *Id.* at 330.

Defendant is correct in quoting the *Rath* court as stating, "[f]urther evidence of Rath's hiring practices and experience after the trial is not relevant to the issue of Rath's liability prior to trial." *Id.* at 331. However, the issue in the *Rath* case was whether the defendant's post-trial evidence constituted "newly discovered evidence" in accordance with the standards formulated under Rule 60(b), not whether it would be admissible if the case had been remanded for new trial, which is the issue in Defendant's present motion in limine. Additionally, the claim in the *Rath* case was disparate treatment, which is a discrete event, as opposed to the hostile work environment claims now before the court, which Plaintiffs allege is an ongoing of violation of Title VII that continues to this day (*see* Court File No. 169, Third Amended Complaint).

The Court cannot resolve this motion at this time because the Court is unsure what Plaintiffs' theory of their case will be at trial. Plaintiffs alleged the hostile work environment was ongoing in their third amended complaint. Depending on whether Plaintiffs proceed with such a theory during their new trial, this evidence may or may not be relevant. The Court will therefore **RESERVE RULING** on Defendant's motion in limine to exclude evidence of Gary Todd's demotion (Court File No. 279); however, all parties will be instructed **NOT TO MENTION** this matter during the trial without first notifying the Court of an intent to do so. The Court will then hear arguments on

this motion at that time.

## II. Evidence Concerning Plaintiffs' Appeal

Defendant's second motion requests the Court to instruct Plaintiffs not to bring up, directly or indirectly, any testimony or evidence regarding the appeal of this case or its result (Court File No. 285). Defendant again argues this evidence is irrelevant in that it would not "make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence," Fed. R. Evid. 401, and should be excluded pursuant to Fed. R. Evid. 402. Defendant also argues, even if it were found to be relevant, the probative value of such evidence would be substantially outweighed by danger of unfair prejudice, confusion, and misleading the jury. Fed. R. Evid. 403.

Since Plaintiffs do not have any objection to this motion, the Court will **GRANT** Defendant's motion in limine regarding Plaintiffs' appeal (Court File No. 285), and will **ORDER** all parties not to bring up, directly or indirectly, any testimony or evidence regarding the appeal of this case or its result.

## III. Evidence Concerning Dismissal of Plaintiffs' in First Trial

Plaintiffs in their motion request Defendant be precluded from mentioning the fact Plaintiffs' claims, as well as the claims of some other former plaintiffs, were dismissed by the Court during the first trial (Court File No. 291). The Court agrees evidence regarding dismissal of their claims or other former plaintiffs' claims would not be relevant to any issue in this case when it is retried. Fed. R. Evid. 401. Therefore the Court will **GRANT** Plaintiffs' motion in limine regarding dismissal of claims during the first trial (Court File No. 291).

An Order shall enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**