UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| JEFFREY JOHNSON and JOHN GOODWIN, ) | |
| ) | |
| Plaintiffs ) | |
| v. ) | No. 1:00-CV-310 |
| ) | Chief Judge Curtis L. Collier |
| UNITED PARCEL SERVICE, INC. ) | |
| ) | |
| Defendant ) | |

## **M E M O R A N D U M**

Defendant United Parcel Service, Inc. ("Defendant") filed a Motion to Exclude all of the Plaintiffs' Evidence Not Timely Disclosed or, in the Alternative, to Continue the Trial to Permit Discovery (Court File No. 300). Plaintiffs Jeffrey Johnson and John Goodwin (collectively "Plaintiffs") responded in opposition (Court File No. 308), and Defendant also filed a reply brief (Court File No. 309).

Defendant in its motion states Plaintiffs brought to the final pretrial conference on March 17, 2006 over 100 grievances and correspondence relating to events that occurred in the four and a half years since the close of discovery before the first trial of this case. This final pretrial conference was held approximately two weeks before the trial is set to start on April 3, 2006. Neither party has engaged in any discovery requests or disclosures since those that were completed prior to the first trial, in which discovery closed on October 19, 2001. Defendant asserts Plaintiffs never supplemented their disclosures under Fed. R. Civ. P. 26(a)(1) to include the information in these new documents, never supplemented their prior discovery responses, and did not notify Defendant of their intent to use this evidence until the final pretrial conference. Therefore, Defendant seeks to exclude this evidence under Fed. R. Civ. P. 37(c)(1) for Plaintiffs' failure to properly and timely

disclose it.

Under Fed. R. Civ. P. 26, all parties are required to take part in extensive pretrial discovery. Early in discovery, "*without awaiting a discovery request*," parties "must . . . provide to other parties" name and contact information of any person who might have discoverable information to support their claims or defenses and all documents or tangible things that the party may use to support its claims or defenses, along with other disclosures. Fed. R. Civ. P. 26(a)(1) (emphasis added). At the May 20, 2005 scheduling conference held after the case was remanded by the Sixth Circuit for a new trial, counsel for all parties agreed not to set dates for these initial disclosures, but merely require all discovery to be completed by November 4, 2005 (Court File No. 278, p. 2). Closer to trial, Rule 26 also requires disclosure of the names and contact information of all witnesses and identification of all documents or exhibits that will be offered at trial. Fed. R. Civ. P. 26(a)(3)(A), (C). The parties during the scheduling conference agreed these disclosures would be completed by February 24, 2006 (Court File No. 278 at 2). Additionally, Rule 26 imposes a duty to supplement disclosures "at appropriate intervals" or amend disclosures "seasonably" if the party learns the information he has disclosed is incomplete or incorrect. Fed. R. Civ. P. 26(e).

Under Rule 37, a party that fails without substantial justification to disclose information required by Rule 26(a) or Rule 26(e)(1), or to amend a prior discovery response as required by Rule 26(e)(2), is not permitted to use that information as evidence at trial. Fed. R. Civ. P. 37(c)(1). The only exception to this rule is where the failure to disclose is harmless. *Id.*

The exclusion of undisclosed evidence "is automatic and mandatory under Rule 37(c)(1) unless non-disclosure was justified or harmless." *Dickenson v. Cardiac & Thoracic Surgery of E. Tenn, P.C.*, 388 F.3d 976, 983 (6th Cir. 2004) (*quoting Musser v. Gentiva Health Servs.*, 356 F.3d 751, 758 (7th Cir. 2004)). Plaintiffs clearly did not amend their previous disclosures to include the

documentary evidence they presented at the final pretrial conference "seasonably," as required by Rule 26(e), and they have given no "substantial justification" for this failure. Plaintiffs have not even alleged they received these documents late or were not aware of their existence until shortly before the date they disclosed them to Defendant. Further, Defendant has shown this failure to disclose is not harmless, since Defendant cannot reasonably, in the two weeks between the disclosure and trial, investigate and conduct discovery on the issues raised by the new documents (Court File No. 301 at 3). Therefore, under Rule 37, Plaintiffs may not presented these documents at trial. *Dickenson*, 388 F.3d at 983.

Plaintiffs respond the Court ruled at the final pretrial conference Plaintiffs would be permitted to introduce this post-trial evidence. That is not the case. The Court in listening to preliminary arguments on this issue noted merely this evidence would likely be *relevant* since Plaintiffs allege ongoing discrimination in their most recent complaint. However, evidence that is relevant may still be excludable for any number of reasons, one of which is for failure to comply with the discovery disclosure rules, pursuant to Rule 37. The Court during the final pretrial conference noted the late disclosure of the documents might involve a discovery issue, and requested the parties to file any motions relevant to such an issue as soon as possible; Defendant's present motion is presumably in response to that request.

Plaintiffs also argue Defendant did not submit any discovery requests during the new discovery period set out in the scheduling order entered after this case was remanded. However, as noted above, Rule 26(a) requires initial disclosures be made "without awaiting a discovery request" and Rule 26(e) imposes a duty of supplementation and amendment of disclosures; no request was necessary for Plaintiffs to disclose the numerous new documents and other evidence they now intend to present at trial. Defendants' decision not to request any new disclosures under Rule 26 does not

excuse Plaintiffs' failure to disclose this information.

Plaintiffs finally argue they had no obligation to supplement their prior disclosures and discovery responses because the new evidence "involves a continuation of prior harassment, including many of the same matters of which Plaintiffs complained at the prior trial . . . Defendant was aware of the additional instances of harassment through grievances filed by the Plaintiffs . . ." (Court File No. 308 at 2). While Plaintiffs' claims may remain the same, Rule 26 focuses on evidence, such as witness testimony, documents, and other tangible exhibits. Plaintiffs are incorrect in arguing they have no duty to supplement their prior disclosures to include new evidence merely because their underlying claims remain the same; Rule 26 requires supplementation or amendment of disclosures including exactly the type of new information Plaintiffs seek to introduce at trial. Further, the fact Defendant might have been on notice since the grievances were filed with it does not excuse Plaintiff's failure to disclose; Defendant is correct in its argument it is not required to sift through every document in its possession that might possibly be relevant to Plaintiffs' claims and assume they all will be presented at trial (Court File No. 301 at 3). Rule 26 puts the burden on the party intending to present a document to notify the other party of its intent to do so.

Although Defendant requests, in the alternative, the Court continue the trial to permit discovery, the Court will not postpone the trial in this matter for the parties to conduct discovery they could have conducted at any point between the Sixth Circuit's remand of this case on November 15, 2004 and the parties' agreed close of discovery date, November 4, 2005. The parties have given no reason whatsoever for their decision not to conduct discovery during that period that would excuse this failure and justify their request for more time to do so. Therefore, because Plaintiffs have not given any substantial justification for their late disclosure in violation of Rule 26, and the Court finds this late disclosure was not harmless to Defendant, the Court will **GRANT**

Defendant's motion (Court File No. 300) and **EXCLUDE** all evidence Plaintiffs did not disclose in accordance with Rule 26, pursuant to Rule 37(c)(1).

An Order shall enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**